UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SLEP-TONE ENTERTAINMENT
CORPORATION,

    Plaintiff,

v.                                Case No. 8:12-cv-1444-JSM-EAJ

MYRTLE MASTEN,

    Defendant.
_____/

## STIPULATION AND ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL DOCUMENTS AND INFORMATION

The plaintiff Slep-Tone Entertainment Corporation and the defendant Myrtle Masten enter into this Stipulation and Order to assure the confidentiality and protection of certain proprietary, sensitive, or confidential information which may be disclosed by the parties or non-parties in the course of this proceeding (the "Action").

1.     This Stipulation and Order applies to all documents and information produced or disclosed by any person or party in response to discovery request(s) and/or subpoena(s) or otherwise in the Action. "Documents and information" shall include all documents, data, materials, things or information in any form whatsoever, whether on paper, videotape or audiotape, diskette, computer storage, tangible items, electronically stored, or otherwise, including without limitation all interrogatory answers, responses to requests for production of documents or requests for admissions, deposition testimony and transcripts, deposition exhibits and any other documents or information produced or designated pursuant to the terms hereof by any person or party, including non-party witnesses, in response to or in connection with any

discovery conducted in the Action, and the information derived from or contained therein.

2. The provisions of this Stipulation and Order shall be binding on, and shall inure to the benefit of the parties to the Action (hereinafter "parties"), their successors and assigns, and shall also be binding on all employees, agents, attorneys, auditors, consultants and representatives of each of the parties.

3. As used in this Stipulation and Order, "Confidential" documents or information means any such part of any financial documents, corporate or business documents, documents concerning pricing or rates, manuals, guidelines, and/or other documents or information containing proprietary, sensitive, or confidential information or other information required by law or by agreement to be kept confidential, that is not protected from disclosure by any other legal objection, and is disclosed by Plaintiff, Plaintiff's counsel, Defendant, Defendant's counsel, or any non-party in this Action, which information is deemed in good faith by the disclosing party to be confidential,[1] proprietary or a trade secret, and, that at or before the time of disclosure has been designated as "Confidential" pursuant to Paragraph 5 herein.

4. The use of the designation "Attorney's Eyes Only" shall be made upon a good-faith assessment that the material covered represents business secrets or information of such a sensitive nature that its dissemination cannot adequately be covered by the protections for "Confidential" documents or information set forth in this Stipulation and Order.

5. Documents or information may be designated as "Confidential" or "Attorney's Eyes Only" in any of the following ways:

---

[1] This Stipulation and Order specifically excludes the category of documents and things that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine and nothing in this Order shall be deemed a waiver of such objections or privileges at any time. Documents and things that are privileged based on the attorney-client privilege and/or the work-product doctrine shall not be produced or disclosed under this Stipulation and Order.

a. Information set forth in an answer to any interrogatory may be so designated by including a statement in the answer that the answer is "Confidential" or "Attorney's Eyes Only."

b. Information contained in any document or part thereof may be so designated by marking the word "Confidential" or "Attorney's Eyes Only" on the first page of the document and all copies of it delivered to the requesting party or its counsel or by giving written notice to the opposing party's counsel, describing the document or part thereof either specifically or by category.

c. Information contained in an answer to any question asked during an oral deposition may be designated "Confidential" or "Attorney's Eyes Only" by a statement made on the record during the course of the deposition on the same day that the answer is given or by a writing served by first class mail or other means, within ten business days or other reasonable time, of receiving the deposition transcript.

6. "Confidential" or "Attorney's Eyes Only" documents or information disclosed by the parties during the course of this proceeding:

a. May only be used for purposes of this Action or any other proceeding between parties and may not be used for any other purpose.

b. Shall not be published to the public in any form by any party to this proceeding, by their counsel, by any independent expert witnesses, by advisors, or by consulting firms retained by either party to this proceeding, nor used for any business or commercial purpose by the parties, counsel, any independent expert witnesses, advisors or consulting firms retained by the parties.

7. Documents or information designated as "Confidential" shall be disclosed by the parties or counsel only to the following persons insofar as it is reasonably necessary to this Action:

a. A party and its current employees, officers, and directors;

b. The court in this case and the court's staff;

c. Attorneys of record for the party, including any attorneys employed by a law firm of record that represents the party;

d. Secretarial, clerical, and paralegal personnel employed full or part-time by attorneys or a law firm that represents the party seeking the information;

e. Independent expert witnesses, advisors, and consulting firms retained in connection with this proceeding;

f. Technical, secretarial, clerical or other personnel employed full or part-time by independent expert witnesses, advisors, and consulting firms;

g. Court reporters or stenographers engaged to record deposition testimony, and their employees, and all such persons shall be bound to keep all documents and/or testimony confidential and not reveal it to the public; and

h. Such other persons as may be authorized by prior written agreement of the parties.

8. Documents or information designated as "Attorney's Eyes Only" shall be disclosed only to the following persons insofar as it is reasonably necessary to this Action:

a. Attorneys of record for the party, including any attorneys employed by a law firm of record that represents the party;

b. The court in this case and the court's staff;

c. Secretarial, clerical, and paralegal personnel employed full or part-time by attorneys or a law firm that represents the party seeking the information;

d. Independent expert witnesses, advisors, and consulting firms retained in connection with this proceeding;

e. Technical, secretarial, clerical or other personnel employed full or part-time by independent expert witnesses, advisors, and consulting firms; and

f. Court reporters or stenographers engaged to record deposition testimony, and their employees, and all such persons shall be bound to keep all documents and/or testimony confidential and not reveal it to the public.

9. The parties shall, upon conclusion of this Action and any other proceeding between the parties, return all Confidential or Attorney's Eyes Only documents or information, and all copies thereof, to the producing party or their counsel, or certify in writing that such

Confidential or Attorney's Eyes Only documents and information have been destroyed or shall be disposed of as ordered by the Court.

10. A copy of this Stipulation and Order shall be delivered to each person within Paragraphs 7.a., 7.c., 7.d., 7.e., 7.g., 8.b., 8.c., and 8.d. above to whom a disclosure is made, at or before the time of disclosure, and no disclosure shall be made to such person unless and until such person agrees in writing to be bound by the provisions of this Stipulation and Order.

11. Any counsel of record, staff litigation assistant, expert consultant or expert witness who receives Confidential or Attorney's Eyes Only documents or information pursuant to this Stipulation and Order may not disclose any such documents or information except to the persons designated herein above who agree to be bound by this Stipulation and Order.

12. Secondary documents, including, but not limited to, notes, memoranda, analyses, briefs, emails, or electronic documents, that are prepared from any materials described herein that contain Confidential or Attorney's Eyes Only documents or information shall be treated in the same fashion as the underlying materials.

13. If the recipient of documents or information designated as "Confidential" or "Attorney's Eyes Only" disputes that such designation is appropriate, it may notify the designating party's counsel of the dispute in a letter sent by facsimile and by first class mail to the designating party's counsel and the recipient must specifically identify by bates-label (or, if there is no applicable bates-label, by specific description) the documents or information in dispute. If the parties are unable to resolve the dispute within ten business days from the date the letter was sent by facsimile and first class mail, then the recipient may challenge the designation by motion to the Court, and until the Court rules upon that motion, the parties, their counsel, and

all other persons subject to this Stipulation and Order shall continue to treat the information as "Confidential" or "Attorney's Eyes Only," as designated. If no such motion is made, then the documents or information shall continue to be treated as "Confidential" or "Attorney's Eyes Only" for purposes of this Stipulation and Order. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible.

14. The obligation of confidentiality hereunder is inapplicable to information:

    a. which is or has become public knowledge other than as a direct or indirect result of a breach of this Stipulation and Order;

    b. which is already known to the disclosee prior to such disclosure or is disclosed to the disclosee by a person having no duty of confidentiality (which such duty of confidentiality may exist by law, contractual agreement or pursuant to this Stipulation and Order) with respect to such information; or

    c. to the extent that such disclosure is required by any law or regulation, by order of any court of competent jurisdiction or any competent judicial, governmental or regulatory body by law or by the rules or regulations of any recognized stock exchange or any securities or investment exchange, subject to Paragraph 19 hereinafter.

15. The provisions of this Stipulation and Order specifically allow for:

    a. The party who designated the document or information confidential in this action, to disclose any such documents or information in any other action; and/or

    b. The disclosure of confidential information to the Honorable James Moody, his chambers, or any other subsequent judge and that judge's chambers, for the purposes of this proceeding.

16. In any Court proceeding regarding Confidential or Attorney's Eyes Only documents or information, the party asserting the claim bears the burden to demonstrate the subject documents or information are "Confidential" or "Attorneys' Eyes Only" and should be filed and kept under seal.

17. The inadvertent production of Confidential or Attorney's Eyes Only documents or information to a requesting party in discovery in this Action, regardless of whether or not such documents or information have been expressly so designated, shall not waive any protection for such documents or information under this Order. At any time after the production of documents or information which the producing party or other designating party considers to be Confidential Materials or Attorney's Eyes Only Materials, the producing party or other designating party may make a written request that specifically identifies the documents or information and asks that they be designated and treated as Confidential or Attorney's Eyes Only. The receiving party shall immediately designate the identified documents or information accordingly (or at its option request the designating party to affix the confidentiality designation) and from then on will treat the documents or information as such pursuant to this Stipulation and Order.

18. Should either party discover that it has made an inadvertent production of privileged documents or information, it shall notify the other party in writing and request return of the documents or information. The party receiving such notification shall return the privileged documents or information and all copies thereof, and shall destroy all notes, work product, or electronic data reflecting the contents of such privileged documents or information, within ten (10) days of receipt of such written notification.

If a party receives any documents or information which it reasonably believes were inadvertently produced by the producing party, the receiving party shall promptly sequester the potentially privileged documents and information, shall promptly notify the producing party of the production of potentially privileged documents and information, and shall await instructions from the producing party regarding the return of the documents and information. Upon written

notification from the producing party requesting the return of the documents or information, the receiving party shall return the privileged documents or information and all copies thereof, and shall destroy all notes, work product, or electronic data reflecting the contents of such privileged documents or information, within ten (10) days of receipt of such written notification.

No use shall be made of any inadvertently produced privileged documents or information during depositions or at trial, nor shall such privileged documents or information be disclosed to anyone who was not given access to the privileged documents or information before the written notification requesting the return of the privileged documents or information. The party returning documents or information pursuant to this paragraph may move the Court for an order compelling production of the documents or information, but such motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such an order.

19. In the event any of the parties' Confidential or Attorney's Eyes Only documents or information are the subject of, or are responsive to, a subpoena or court order requiring their disclosure, the recipient of the subpoena or court order will provide immediate notice to the protected party who designated certain documents or information confidential pursuant to this Stipulation and Order (hereinafter referred to as the "protected party"), through its counsel. The party issuing the subpoena or court order shall not object to the protected party's appearance to protect its interest in maintaining the information as Confidential or Attorney's Eyes Only. The recipient of the subpoena or court order will not respond to any such subpoena or court order until the protected party has a reasonable opportunity to seek appropriate relief from the Court including, but not limited to, a motion for protective order.

20. If Confidential or Attorney's Eyes Only documents or information are inadvertently

filed with the Court and not protected under seal, all parties agree to assist in the swift removal of the items from the court file and comply with any requirements of the clerk or Court.

21. Nothing in this Stipulation and Order shall preclude a party from offering Confidential information at the trial of this proceeding.

22. Non-party witnesses may designate any portions of their depositions or documents or information as Confidential or Attorney's Eyes Only in the manner provided for above and the parties agree to treat such documents or information in the same manner as a party's designated documents or information.

23. The rights and obligations contained herein shall survive the conclusion of this Action and the return and/or destruction of documents and information to be treated as Confidential or Attorney's Eyes Only. At the conclusion of the litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

24. This Stipulation and Order shall be binding upon the parties and counsel and their officers, directors, and employees, and all persons who receive documents and information pursuant to this Stipulation and Order, irrespective of whether or when the Court actually enters it as an Order of the Court.

ORDERED in chambers, Tampa, Hillsborough County, Florida, on this __11__ day of __Oct.__, 2013.

~~ELIZABETH A. JENKINS~~
~~United States Magistrate Judge~~    District Court Judge
Middle District of Florida

| /s/ William L. Yanger | /s/ Lindsay M. Saxe |
| --- | --- |
| William L. Yanger | Lindsay M. Saxe |
| Florida Bar No. | Florida Bar No. 72761 |
| bill.yanger@yangerlaw.com | lindsay.saxe@quarles.com |
| Yanger Law Group, P.A. | QUARLES & BRADY LLP |
| 217 N. Lois Avenue | 101 East Kennedy Boulevard |
| Tampa, FL, 33609 | Suite 3400 |
| 813-286-7025 | Tampa, Florida 33602 |
| 813-288-2039 | 813-387-0300 |
| Attorneys for Plaintiff | 813-387-1800 Facsimile |
| | Attorneys for Defendant |